UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
WOO HEE CHO,

                Plaintiff,

      -against-

MAXIE OQUENDO, *et al.*,

                Defendants.
---------------------------------------------------------- X

**REPORT AND RECOMMENDATION**
16 CV 4811 (MKB) (CLP)

**POLLAK**, United States Magistrate Judge:

On August 26, 2016, plaintiff Woo Hee Cho commenced this action Maxie Oquendo, LaGuardia Airport, the Port Authority of New York and New Jersey, the Transportation Security Administration, and the United States of America.[1] On August 2, 2017, the Honorable Margo K. Brodie dismissed all claims against all defendants except Oquendo.[2] Plaintiff Cho subsequently filed an amended Complaint against Oquendo and the United States.[3] On August 25, 2018, Judge Brodie dismissed plaintiff's claims against the United States for lack of subject matter jurisdiction, and denied plaintiff's motion for default judgment without prejudice.[4]

Following the August 25, 2018 decision, this Court ordered the parties to provide a status letter by June 17, 2019.[5] The parties failed to file such a letter or request an extension by that date. This Court contacted the plaintiff on July 25, 2019, to inquire about the status report, but heard no response. On August 16, 2019, the Court Ordered the plaintiff to provide a status report

---

[1] See Complaint, ECF. No. 1, filed August 26, 2016.

[2] ECF No. 39.

[3] See Amended Complaint, ECF. No. 40, filed September 1, 2017.

[4] ECF No. 49.

[5] See Electronic Status Report Order, dated May 16, 2019.

by September 16, 2019.[6] In that Order, the Court stated that "if no [status] report is received, this Court will recommend that the case be dismissed for lack of prosecution."[7] Plaintiff has failed to file a status report in compliance with the Court's August 16, 2019 Order.

## DISCUSSION

"It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with [or without] prejudice as a sanction for his unjustified conduct." Hoffman v. Wisner Classic Mfg. Co., 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (quoting West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)). "The law is clear. The district court has the power to dismiss for failure to prosecute, on its own motion." Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978) (citing West v. Gilbert, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919 (1966)). The authority to dismiss a case sua sponte arises from a court's inherent power, and is not limited by Rule 41 of the Federal Rules of Civil Procedure. Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962); accord In re World Trade Center Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013).

Here, plaintiff Woo Hee Cho has failed to comply with this Court's Orders, and failed to contact the Court or otherwise participate in these proceedings for over a year. Plaintiff has received notice of her obligation to proceed with this litigation – namely, through the two Orders issued by this Court on May 16, 2019, and August 16, 2019. Despite the Court's August 16, 2019 Order directing plaintiff to contact the Court within thirty days or face a recommendation that this case be dismissed, plaintiff has taken no action. It is therefore clear that plaintiff has ignored the Order and has failed to prosecute this action. The Court therefore respectfully recommends that this action be dismissed without prejudice.

---

[6] ECF No. 50.

[7] Id.

2

## CONCLUSION

As set forth above, the Court concludes that plaintiff Woo Hee Cho has abandoned this action. The Court therefore respectfully recommends that the District Court dismiss this matter without prejudice for failure to prosecute in compliance with this Court's Order.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 24, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York